# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:13-cr-104-WTL-DKL |
| ) | |
| REGINALD T. WALTON and ) | -01 |
| DAVID JOHNSON, ) | -03 |
| ) | |
| Defendants. ) | |

## ENTRY REGARDING DEFENDANTS' OBJECTIONS TO VOICE IDENTIFICATION PROCEDURE

On March 6, 2015, the Government moved to admit Government Exhibits 101 through 227. These exhibits are the transcripts of certain wiretap telephone conversations and text messages. Indiana State Police Detective Andrew Shank testified that he identified the speakers in the wiretap conversations as the Defendants by comparing them to a recording of the Defendants' voices obtained after they were arrested, when they were providing routine booking information during processing.

The Defendants objected to the admission of the transcripts—and the procedure used to identify their voices—as a violation of their *Miranda* rights because the Defendants were unaware of the fact that they were being recorded, they were in custody, and they were not informed of their right to remain silent or their right to counsel. A bench conference was held outside the presence of the jury regarding this objection. At that time, the Government, relying on *United States v. Ceballos*, 385 F.3d 1120 (7th Cir. 2004), argued that the voice identification procedure used was proper. The Court took the objection under advisement at that time, and gave the Defendants time to review *Ceballos*.

On March 9, 2015, the Defendants further addressed their objections in order to preserve them for appeal.[1] In addition to arguing that their Fourth, Fifth, and Sixth Amendment rights were violated, Defendant Johnson argued that the procedure used in this case has a chilling effect on the accused's right to remain silent and right to testify in his defense, as the accused would not want to talk with the federal government for fear that his voice could then be used for identification purposes. Notwithstanding the Defendants' arguments, the Court overruled the Defendants' objections.

The Government is correct that *Ceballos* is directly on point with regard to the Defendants' Fourth Amendment arguments. In *Ceballos*, the defendants were asked routine booking questions by an interpreter after they were arrested. *Ceballos*, 385 F.3d at 1123. The interpreter then compared the voices with those she heard during wire surveillance, identifying the speakers recorded via the wire surveillance as the defendants. *Id*. The Seventh Circuit found that this procedure did not violated the Fourth Amendment:

> The subsequent evaluation of the defendants' voices did not violate the Fourth Amendment. The United States Supreme Court has held that people do not have a reasonable expectation of privacy in their voices. Moreover, federal courts have consistently recognized that law enforcement officers may question an arrested person to collect booking information incident to processing him or her for arrest and custody.
>
> In addition, the comparison of the defendants' voices with those on the tapes falls within the "plain hearing" exception to the search warrant requirement. The plain view exception to the search requirement applies where an officer is: (1) lawfully present, (2) sees something in plain view not named in the warrant, and (3) whose incriminating nature is immediately present. We have recognized that the plain view doctrine applied in the context of overheard speech, creating a "plain hearing" doctrine. Because the defendants did not have a reasonable expectation of privacy in their voices during their booking interviews, their voices fall within the exception of the plain hearing exception to the search warrant requirement; the district court did not err in finding their Fourth Amendment claim invalid.

---

[1] The Defendants recognized that Seventh Circuit case law was not in their favor on their objections.

*Id*. at 1123-24 (internal citations omitted).

The Defendants are correct, however, that *Ceballos* does not directly address the Defendants' objections pursuant to *Miranda*. Nevertheless, it was clear from Detective Shank's testimony that the Defendants' voices were recorded while they were providing routine booking information. The Seventh Circuit has held that "[o]fficers do not violate *Miranda* by asking a 'routine booking question.'" *United States v. Hernandez*, 751 F.3d 538, 540 (7th Cir. 2014) (citing *Pennsylvania v. Muniz*, 496 U.S. 582, 601 (1990)). Accordingly, the Defendants' objections are **OVERRULED**.

SO ORDERED: 3/10/15

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

3