AO 245B   (Rev. 09/13) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of Indiana

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| REGINALD T. WALTON | ) | Case Number: 1:13CR00104-001 |
| | ) | USM Number: 11378-028 |
| | ) | Michael J. Donahoe |
| | | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)  1-5, 8, 10 and 11
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1343, 1346, and 2 | Wire Fraud | 10/21/2012 | 1 |
| 18 U.S.C. §§ 1343, 1346, and 2 | Wire Fraud | 4/3/2013 | 2 |
| 18 U.S.C. §§ 1343, 1346, and 2 | Wire Fraud | 4/3/2013 | 3 |

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s)  6

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/8/2016
Date of Imposition of Judgment

*William T. Lawrence*
Signature of Judge

The Honorable William T. Lawrence, U.S. District Court Judge
Name and Title of Judge

2/17/16
Date

**A CERTIFIED TRUE COPY**
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana

By _____
Deputy Clerk

AO 245B   (Rev. 09/13) Judgment in Criminal Case
    Sheet 2 — Imprisonment

DEFENDANT: REGINALD T. WALTON
CASE NUMBER: 1:13CR00104-001

Judgment — Page 1.01 of 5

# ADDITIONAL COUNTS OF CONVICTION
(Continual)

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1343, 1346, and 2 | Wire Fraud | 4/1/2013 | 4 |
| 18 U.S.C. §§ 1343, 1346, and 2 | Wire Fraud | 5/14/2013 | 5 |
| 18 U.S.C. § 666(a)(1)(B) | Bribery Concerning Organization Receiving Federal Funds | 4/5/2013 | 8 |
| 18 U.S.C. § 666(a)(1)(B) | Bribery Concerning Organization Receiving Federal Funds | 3/27/2013 | 10 |
| 18 U.S.C. §§ 1957 and 1956(h) | Conspiracy to Engage in Monetary Transactions in Property Derived From Specified Unlawful Activity | 3/27/2013 | 11 |

AO 245B    (Rev. 09/13) Judgment in Criminal Case
       Sheet 2 — Imprisonment

Judgment — Page   2   of   5  

DEFENDANT:    REGINALD T. WALTON
CASE NUMBER:    1:13CR00104-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    108 months on all counts, concurrent.

☒ The court makes the following recommendations to the Bureau of Prisons:
The defendant be placed at the lowest possible security level at a facility as close to home as possible, preferably at the facility in Terre Haute, Indiana.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____ .
   ☐ as notified by the United States Marshal.
   ☒ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/13) Judgment in a Criminal Case
　　　　　Sheet 3 — Supervised Release

Judgment—Page  3  of  5

DEFENDANT:　　REGINALD T. WALTON
CASE NUMBER:　　1:13CR00104-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 3 years per count, concurrent.

　　　　The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☒  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☒  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☒  The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16913, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

　　　　If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

　　　　The defendant must comply with the conditions listed below:

## CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer.

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. The defendant shall answer all inquiries by the probation officer and follow the instructions of the probation officer.

4. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

5. The defendant shall notify the probation officer prior to any change in residence or employer.

6. The defendant shall permit a probation officer to visit him at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

7. The defendant shall notify the probation officer within 72 hours of being arrested or having any official law enforcement contact.

AO 245B     (Rev. 09/13) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page  3.01  of  5

DEFENDANT:       REGINALD T. WALTON
CASE NUMBER:     1:13CR00104-001

8. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

9. The defendant shall provide the probation officer access to any requested financial information.

10. The defendant shall not be employed in a fiduciary capacity, or in a position of trust, unless preapproved by the probation officer.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the condition of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____    _____
Defendant                             Date

_____    _____
U.S. Probation Officer/Designated Witness    Date

AO 245B  (Rev. 09/13) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page 4 of 5

DEFENDANT: REGINALD T. WALTON
CASE NUMBER: 1:13CR00104-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 800.00 | $ | $ 284,382.38 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| City of Indianapolis | $239,382.38 | $239,382.38 | |
| Dayvid Brown | $3,000.00 | $3,000.00 | |
| Lourdes Sanchez | $3,000.00 | $3,000.00 | |
| Claudia and Jose Arroyo | $3,000.00 | $3,000.00 | |
| Oswaldo Behena and Anayeli Menera | $3,000.00 | $3,000.00 | |
| Mayra Cruz-Monroy | $3,000.00 | $3,000.00 | |
| Marlene Roman-Medrano and Silverio Roja-Zepeda | $3,000.00 | $3,000.00 | |
| Florencio Hernandez-Mendez | $3,000.00 | $3,000.00 | |
| Karen Rojas and Jose Padilla | $3,000.00 | $3,000.00 | |
| Goven Gutierrez | $3,000.00 | $3,000.00 | |
| Mildren Bonilla and Edgar Gomez | $3,000.00 | $3,000.00 | |
| Zenobia Martinez | $3,000.00 | $3,000.00 | |
| Enrique Aranda and Silvia Martinez | $3,000.00 | $3,000.00 | |
| Ricarda Gonzalez | $3,000.00 | $3,000.00 | |
| Alberto Nunez | $3,000.00 | $3,000.00 | |
| Eliseida de Gamboa | $3,000.00 | $3,000.00 | |
| **TOTALS** | $ 284,382.38 | $ 284,382.38 | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the   ☐ fine   ☒ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/13) Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

Judgment — Page 5 of 5

DEFENDANT:     REGINALD T. WALTON
CASE NUMBER:   1:13CR00104-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of _____ due immediately, balance due
   ☐ not later than _____ , or
   ☐ in accordance ☐ C  ☐ D  ☐ E, or  ☐ G below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C,  ☐ D, or  ☐ G below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ If this case involves other defendants, each may be held jointly and severally liable for payment of all or part of the restitution ordered herein and the Court may order such payment in the future. The victims' recovery is limited to the amount of loss, and the defendant's liability for restitution ceases if and when the victims receive full restitution.

**G** ☒ Special instructions regarding the payment of criminal monetary penalties:

Any unpaid restitution balance during the term of supervision shall be paid at a rate of not less than 10% of the defendant's gross monthly income. The individual victims are to receive restitution in full before the City of Indianapolis receives restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| Defendant Name | Case Number | Joint & Several Amount |
|---|---|---|
| Aaron Reed | 1:13CR00104-02 | $141,382.38 |
| David Johnson | 1:13CR00104-03 | $61,500.00 |
| John Hawkins | 1:13CR00104-04 | $8,000.00 |
| Randall K. Sargent | 1:13CR00104-05 | $37,500.00 |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s): _____

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
2005 BMW 7451 sedan and 1982 Yamaha motorcycle listed in page 13 of the Superseding Indictment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.